Belknap,  }
Dec. 6, 1910.  }

## CILLEY, *Ex'r*, *v*. DEARBORN *& a*.

If a plea and brief statement do not set forth a valid defence to an action, the exclusion of competent evidence in support of the allegations is not reversible error.

One who signs a promissory note as surety guarantees the performance of the specific engagement therein contained, and is not entitled to notice of dishonor in the absence of an express stipulation to that effect.

ASSUMPSIT, on a promissory note for $200, dated February 21, 1902, signed by W. C. Dearborn and J. P. Currier, and payable six months after date to J. P. Cilley or order. The writ is dated May 8, 1907. Dearborn pleaded a discharge in bankruptcy, which was admitted. Currier pleaded the general issue and filed a brief statement of defence, which is substantially set forth in the opinion. There was a trial by the court and verdict for the plaintiff, to which the defendant Currier excepted. Transferred from the March term, 1910, of the superior court by *Chamberlin*, J., on an agreed statement of facts.

*Owen & Veazey*, for the plaintiff.

*Ernest K. Piper*, for the defendants.

BINGHAM, J. The question in this case arises over the rejection of evidence offered by the defendant Currier, in support of the brief statement pleaded by him in defence of the suit. This, however, would not constitute reversible error, even though the evidence were competent and would support the plea, if the plea does not state a defence to the action. In the plea it is alleged that Currier signed the note as surety for Dearborn, that the plaintiff knew it, and that he did not give Currier notice of the dishonor of the note or cause him to be notified. But these allegations do not state a defence. By becoming bound as surety on the note, Currier guaranteed the performance of the specific engagement therein contained; and it was not incumbent upon the plaintiff, in order to charge Currier, to notify him of its dishonor, in the absence of an express stipulation to that effect. *Bank of Newbury* v. *Sinclair*, 60 N. H. 100, 108, 109; *Beebe* v. *Dudley*, 26 N. H. 249, 253; 32 Cyc. 20, 21. The order is,

*Exception overruled: judgment on the verdict.*

All concurred.